**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENDRA SCOTT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GUANGZHOU LOVEYAN E-COMMERCE CO., LTD. and THE INDIVIDUALS AND ENTITIES OPERATING GUANGZHOU LOVEYAN E-COMMERCE CO., LTD.<br><br>Defendants. | Case No. 25-cv-08873<br><br>**Judge Martha M. Pacold**<br><br>**Magistrate Judge M. David Weisman** |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Kendra Scott, LLC ("Plaintiff" or "Kendra Scott") is requesting entry of an order for expedited discovery regarding Guangzhou LoveYan E-commerce Co., Ltd. and the Individuals and Entities Operating Guangzhou LoveYan E-commerce Co., Ltd. identified on Schedule A attached to the Amended Complaint (collectively, "Defendants").

As alleged in Plaintiff's Amended Complaint, Defendants are individuals and business entities of unknown makeup who own and/or operate one or more e-commerce stores under at least the seller alias identified on Schedule A to the Amended Complaint (the "Seller Alias") and/or other seller aliases not yet known to Plaintiff. [13] at ¶ 17. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Alias, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold unauthorized and unlicensed products using infringing and counterfeit versions of Plaintiff's

federally registered trademarks to residents of Illinois. *Id.* at ¶¶ 2, 21. Screenshots evidencing Defendants' infringing activity are attached as **<u>Exhibit 1</u>**.

Fed. R. Civ. P. 26(d) allows for discovery before the parties have conferred when authorized by a court order. Fed. R. Civ. P. 26(d). The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). District Courts may "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2).

Expedited discovery is necessary to learn all known contact information and all associated e-mail addresses of Defendants so that Plaintiff can effectuate service of process by e-mail. Accordingly, Plaintiff respectfully requests that this Court enter an order for expedited discovery, in the form submitted herewith.

Dated this 4th day of August 2025.      Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Luana Faria de Souza
Rachel M. Ackerman
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
lfaria@gbc.law
rackerman@gbc.law

*Counsel for Plaintiff Kendra Scott, LLC*